THADDEUS C. LACY
Reg. No. 15332-006
FEDERAL CORRECTIONAL INSTITUTE
P.O. BOX 9000
SAFFORD, AZ 85548

Petitioner In Pro Per


RECEIVED
MAY 03 2010
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THADDEUS C. LACY, | CIVIL NO_____ |
| | (Habeas Corpus Petition) |
| Petitioner, | CR 3:06-cr-00092-02-JWS |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY

1

# TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES-----------------------------------3

FACTS-----------------------------------------------------------5

PROCEDURAL HISTORY----------------------------------------------6

    A. PETITIONER SHOULD NOT BE INELIGIBLE
       FOR THE SAFETY VALVE STATUTE-----------------------------8

    B. PETITIONER'S SENTENCE WAS ILLEGALLY
       ENHANCED ON THE BASIS OF PRIOR CONVICTIONS
       AT WHICH PETITIONER DID NOT HAVE COUNSEL---------12

    C. PETITIONER'S COUNSEL WAS INEFFECTIVE
       AT SENTENCING FOR FAILING TO OBJECT
       TO THE USE OF PRIOR UNCOUNSELED CONVICTION-----14

    D. PETITIONER SUFFERED PREJUDICE DUE TO
       COUNSELS'S INEFFECTIVENESS-------------------------------16

    CONCLUSION-----------------------------------------------------17

# TABLE OF CASES AND OTHER AUTHORITIES

                                                          **Page**

## Cases

Burgett v. Texas, 389 U.S. 109 (1967)------------------10,17

Gideon v. Wainwright, 372 U.S. 335,
9 LEd2d 799, 83 SCt 792 (1963)------------------10,11,12,15

Glover v. United States, 531 U.S. 198, 203 (2001)-----14,16

Loper v. Beto 405 U.S. 473 (1972)---------------------11,17

U.S. v. Kaneakua, 105 F3d 463 (9th Cir. 1997)--------10,13,15

Strickland, 466 U.S. at 686---------------------------14,16

Tucker v. U.S., 404 U.S. 443, 30, 9 LEd2d 592,
92 SCt 589 (1972)---------------------------------10,11,15,17

U.S. v. Allen, 88 F.3d 769 (9th Cir. 1996)-------------13,17

United States v. Anderson, 201 F.3d 1145,
1152 (9th Cir. 2000)-------------------------------------17

United States v. Bass, 310 F.3d 321,
325 (5th Cir. 2002)--------------------------------------16

US v. Kissick, 69 F.3d 1048 (10th Cir. 1995)-------------16

                                                          **Page**

## Other Authorities

A.B.A. standard 4-4.1 (a)--------------------------------15

21 U.S.C. § 841 (a)(1) & (b)(1)(A)--------------------5,6,10

21 U.S.C. § 846, 841 (a)(1) & (b)(1)(A),
(b)(1)(B), & (b)(1(C)------------------------------,5,6,7

18 U.S.C. § 922(g)(1) ----------------------------------------6

18 U.S.C. § 3553(f); U.S.S.G § 5C1.2-------------------9

U.S.S.G. Ch. 5, Pt. A----------------------------------7

U.S.S.G. § 4A1.1(d) -----------------------------------7

U.S.S.G. § 5G1.1(a) -----------------------------------8

U.S.S.G. § 4A1.1 (C) ----------------------------------9

U.S.S.G. Sec. 4A1.2 App. Note 6----------------------11

§ 3553(f) -------------------------------------------12,17

§ 2D1.1 (b)(7) ----------------------------------------17

## FACTS

Mr. Thaddeus entered a plea of guilty to Count 7 of the Indictment in this case, Distribution of a Controlled Substance, to wit: 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(A), before the Honorable John W. Sedwick, on February 7, 2007.

In exchange for Mr. Thaddeus plea of guilty to Count 7 of the said Indictment, the United States agrees to: 1.) dismiss Counts 1-6 of the Indictment, alleging violations of 21 U.S.C. § 846, 841 (a)(1) & (b)(1)(A), (b)(1)(B), & (b)(1)(C), Drug Conspiracy (Count 1), and Distribution of a Controlled Substance (Count 2-6 ); and 2.) to not prosecute Thaddeus for any further offenses arising out of the subject of the investigation.

Mr. Thaddeus did not qualify for the Safety Valve because the total of his criminal history points is three, as established by his Presentence Report, establishing a criminal history category of II. In arriving to such criminal history points, his prior conviction for DUI in the District of Alaska was utilized. Such DUI prior conviction was imposed upon Thaddeus without the necessary representation of a counsel.

## PROCEDURAL HISTORY

On November 15, 2006, the Grand Jury charged Joshua E. Pate, Thaddeus C. Lacy a/k/a "Chad" and Diter K. Zabala in an Indictment with Count 1, Drug conspiracy in violation of 21 U.S.C. § 846, 841 (a)(1) and (b)(1)(A), (b)(1)(B), and (b)(1)(C), Counts 2 through 8, Distribution of a Controlled Substance in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(A), (b)(1)(B), and (b)(1)(C); and, Count 9, Felon in Possession in violation of 18 U.S.C. § 922(g)(1). Thaddeus Lacy was named in Counts 1 through 7 and was arrested and remanded to the Anchorage jail on November 28, 2006.

Thaddeus appeared on November 29, 2006 with counsel Robert M. Herz in court for an initial appearance before the Honarable Ralh R. Beistline, U.S. District Court Judge. Thaddeus pled not guilty to Counts 1-7 as listed in the Indictment. But on February 7, 2007, the defendant appeared with counsel before the Honorable John W. Sedwick, Chief U.S. District Court Judge, for a proposed change of plea hearing. Thaddeus pled guilty to Count 7 of said Indictment, Distribution of a Controlled Substance, to wit: 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(A), pursuant to a written agreement.

6

In exchange for Mr. Thaddeus plea of guilty to Count 7 of the said Indictment, the United States agrees to: 1.) dismiss Counts 1-6 of the Indictment, alleging violations of 21 U.S.C. § 846, 841 (a)(1) & (b)(1)(A), (b)(1)(B), & (b)(1)(C), Drug Conspiracy (Count 1), and Distribution of a Controlled Substance (Count 2-6 ); and 2.) to not prosecute Thaddeus for any further offenses arising out of the subject of the investigation.

Mr. Thaddeus did not qualify for the Safety Valve because the total of his criminal history points is three, as established by his Presentence Report, establishing a criminal history category of II. The Presentence Report shows under the Criminal History Computation that: first, the criminal conviction on October 19, 2006 results in a subtotal of one criminal history point. U.S.S.G. Ch. 5, Pt. A., second, at the time the instant offence (including relevant conduct) was committed, the defendant was on probation for the sentence of October 19, 2006. Two points are added. U.S.S.G. § 4A1.1(d), and third, the total of the criminal history points is three, establishing a criminal history category of II. (*see Presentence Report*)

The PSI recommended that based on a total offense level of 29 and a criminal history category of II, the guideline imprisonment range is 97 to 121 months. U.S.S.G.

7

Ch. 5, Pt. A. However, because the statutory minimum sentence is ten years, the guideline range becomes 120 months. U.S.S.G. § 5G1.1(a).

## A. <u>PETITIONER SHOULD NOT BE INELIGIBLE FOR THE SAFETY VALVE STATUTE</u>

In order to apply the safety valve and sentence a defendant without regard to the statutory minimum, the court must find that:

(1) the defendant does not have more than one criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determines under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude determination by the court that the defendant has complied with this requirement. 18 U.S.C. § 3553(f); U.S.S.G § 5C1.2.

The highlight here is emphasized in number 1, which states that the defendant should have "no more than 1 criminal history point." The safety valve statute only permits relief if the defendant has one criminal history point. Thaddeus Presentence Report states that "while the defendant did not have any convictions or points assessed against him at the time the conspiracy commenced, the defendant did acquire a conviction for DUI in case 3AN-M06-9912 CR on October 19, 2006, during the period of the conspiracy. As a result of this conviction the defendant was assessed one criminal history point pursuant to U.S.S.G. § 4A1.1 (C). And 2 points are added, because at

9

the time the case Distribution of Controlled Substance, in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(A), was committed, Thaddeus was on probation for such October 19, 2006 sentence or the DUI conviction. The total, therefore, of his criminal history points is three, establishing a criminal history category of II.

Nonetheless, Thaddeus' DUI conviction in Alaska should not be counted in computing his criminal history points, for said prior conviction was obtained by Thaddeus without the representation of a counsel. Uncounseled conviction may not be used to enhance sentence for later conviction. _U.S. v. Kaneakua, 105 F3d 463(9th Cir. 1997), Tucker v. U.S., 404 U.S. 443, 30, 9 LEd2d 592, 92 S.Ct 589 (1972), Gideon v. Wainwright, 372 U.S. 335, 9 LEd2d 799, 83 S.Ct 792 (1963)_

Thaddeus uncounseled prior conviction, which is the DUI he was charged with in the District of Alaska raises the presumption that he was denied of his right to counsel in that proceeding and that the conviction was void under _Gideon v. Wainwright, 372 U.S. 335, 9 LEd2d 799, 83 S.Ct 792 (1963)._ Furthermore, _Burgett v. Texas, 389 U.S. 109 (1967),_ held that "to permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for

10

another offense… is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the deprivation of the accused in effect suffers anew from the Sixth Amendment right." This clearly precludes using any prior convictions at sentencing that were obtained from defendants who lacked representation of counsel.

According any integrity to an uncounseled conviction would seriously grind down the protections of the Sixth Amendment. _United States v. Tucker, 404 U.S. 443 (1972), and Loper v. Beto 405 U.S. 473 (1972),_ respectively prohibited the use of uncounseled felony convictions as a factor to be considered in sentencing, and to impeach the defendant's credibility. Moreover, as the DUI conviction raises the presumption that Thaddeus was denied his right to counsel and that conviction therein was void under Gideon v. Wainwright, it should not be considered in computing Thaddeus criminal history points. Under the Guidelines, constitutionally invalid sentences should not be considered in computing a defendant's criminal history points. U.S.S.G. Sec. 4A1.2 App. Note 6. Thaddeus was given 1 point because of the DUI conviction and 2 points were added because he is under probation for such DUI conviction when the case Distribution of a Controlled Substance was

11

committed. Thus, it is logical that to negate such DUI conviction will make him eligible to the Safety Valve. The 3 points should be reduced 1 point in negating the DUI conviction and another 1 point because said DUI conviction is the same reason why he was under probation when committed the instant case.

Under § 3553(f), a defendant is legible for the safety valve only if he, among other things, "does not have more than 1 criminal history point", as determined under the sentencing guidelines. Thaddeus therefore should be eligible for safety valve relief, for negating the DUI conviction will leave him on criminal history point of only one.

## B. <u>PETITIONER'S SENTENCE WAS ILLEGALLY ENHANCED ON THE BASIS OF PRIOR CONVICTIONS AT WHICH PETITIONER DID NOT HAVE COUNSEL</u>

The Alaska conviction of Thaddeus raises the presumption that he was deprived of his right to counsel in that proceeding. Under Gideon v. Wainwright, conviction adduced in such proceeding, where the defendant was presumed to have been denied the assistance of counsel, is void. For it permits an unconstitutional procedure to injure a defendant twice. As exemplified in <u>U.S. v.</u>

*Kaneakua, 105 F3d 463 (9th Cir. 1997)* an uncounseled conviction may not be used to enhance sentence for later conviction.

Thaddeus sentence placing him in criminal history category 2 was illegally enhanced for the court used a prior uncounseled conviction. The enhancement was illegal for it violated Thaddeus right to due process, as guaranteed by the United States Constitution, and to a reliable sentencing determination. Defendant was entitled to sentencing hearing on claim that he was denied his Sixth Amendment Right to Counsel, at the time of prior convictions, which was used to calculate guideline criminal history. *U.S. v. Allen, 88 F.3d 769 (9th Cir. 1996)*

Portion of Thaddeus punishment depends on an uncounseled prior conviction. Therefore, there is a constitutional bar to a legislative instruction to a Judge to sentence him to such mandatory minimum, and made him ineligible for the Safety Valve based on the court's finding that he had more than one criminal history point.

## C. PETITIONER'S COUNSEL WAS INEFFECTIVE AT SENTENCING FOR FAILING TO OBJECT TO THE USE OF PRIOR UNCOUNSELED CONVICTION

To prove that the trial counsel was ineffective, Thaddeus must show that his counsel's performance was deficient and that he suffered prejudice from the deficient performance. In *Strickland, 466 U.S. at 686,* the Supreme Court held that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." The defendant must show that counsel's performance was deficient and that the performance prejudiced the defense. Counsel' assistance is deficient if it falls "below an objective standard of reasonableness." *Strickland, 466 U.S. at 686.*

Proof of lesser sentence would have been imposed absent counsel's error is sufficient, as "any amount of the actual jail time has Sixth Amendment significance" *Glover v. United States, 531 U.S. 198, 203 (2001),* which constitutes prejudice under the Strickland test.

Thaddeus did not qualify for the Safety Valve because his PSR says he has three points placing him in Criminal History Category II making him ineligible. But with the

14

prompt objection that a prior "uncounseled conviction may not be used to enhance sentence for later conviction," *U.S. v. Kaneakua, 105 F3d 463(9th Cir. 1997), Tucker v. U.S., 404 U.S. 443, 30, 9 LEd2d 592, 92 SCt 589 (1972), Gideon v. Wainwright, 372 U.S. 335, 9 LEd2d 799, 83 SCt 792 (1963),* Thaddeus should have obtain more favorable imposition of sentence, and finally should have qualify for the Safety Valve.

A.B.A. standard 4-4.1 (a) states, "Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction." To investigate promptly into the circumstances of the case, even the outcome of the case should already be clear in the mind of the counsel. And to explore all avenues should include objection to the inclusion of prior uncounseled conviction in the computation of criminal history points. This meritorious argument or objection should be brought to the court's attention. It is therefore submitted that Thaddeus counsel tendered ineffective assistance for there is a strong probability that if the prior uncounseled conviction was really given attention and importance the imposition of sentence would have been different.

15

## D. PETITIONER SUFFERED PREJUDICE DUE TO COUNSEL'S INEFFECTIVENESS

To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002) (quoting Strickland, 466 U.S. at 694)* It is clear that, but for counsel's failure to object to the use of such prior uncounseled conviction, Thaddeus would have at the very least had an opportunity to qualify to the Safety Valve, and thereafter obtain lesser sentence. And of course, any amount of actual jail time has Sixth Amendment significance, *"Glover v. United States, 531 U.S. 198, 203 (2001),* which constitutes prejudice for purposes of the Strickland Test.

In *US v. Kissick, 69 F.3d 1048 (10th Cir. 1995)* provides that "trial counsel's failure to object or challenge the use of prior conviction… and prejudice was shown because defendant received a harsher sentence." As Thaddeus sentence was placed in criminal history category of II for he has 3 points is a great indication that he received harsher sentence. It is so because, if Thaddeus counsel should have made objection to his prior DUI uncounseled conviction, he should have been eligible for

16

Safety Valve and as a consequence the offense level should have been decreased by 2 levels, from offense level of 29 to offense level of 27. And such a longer sentence undoubtedly affects substantial rights. *United States v. Anderson, 201 F.3d 1145, 1152 (9th Cir. 2000)*

Doubts as to the constitutionality of a statute that predicate criminal liability solely on the existence of a previous uncounseled felony conviction are indeed serious, for a trilogy of Court's decision, *Burgett v. Texas, 389 U.S. 109 (1967), United States v. Tucker, 404 U.S. 443 (1972), and Loper v. Beto 405 U.S. 473 (1972)*, prohibit precisely such a result.

## **CONCLUSION**

The prior DUI uncounseled conviction should not be used in computing the criminal History Points of Thaddeus. Under § 2D1.1 (b)(7), a defendant who satisfies the 5C1.2 criteria--identical to the § f23553(f) statutory criteria-- is entitled to a 2 level reduction to his offense level. Thaddeus, therefore, is entitled to such two level reduction bringing his sentence down from a ten year mandatory minimum, to a level 27, 70 month sentence.

Thaddeus counsel's representation fell below the reasonable standard of reasonableness, and the ineffective

assistance of counsel caused Thaddeus substantial prejudice. Thaddeus should be afforded the relief he now seeks. His sentence should be vacated and he should be resentence without illegal enhancement.

Date: 4/20/2010

*(signature)*

Thaddeus C. Lacy

Petitioner in Pro Per